1  CHRISTOPHER CHIOU
   Acting United States Attorney
2  Nevada Bar No. 14853
   JAMES A. BLUM
3  Assistant United States Attorney
   501 Las Vegas Boulevard South, Suite 1100
4  Las Vegas, Nevada 89101
   (702) 388-6336
5  James.Blum@usdoj.gov
   *Attorneys for the United States*
6

7

8

9                **UNITED STATES DISTRICT COURT**
                      **DISTRICT OF NEVADA**
10

11  UNITED STATES OF AMERICA,          3:21-CR-028-MMD-CLB

12          Plaintiff,                 **Stipulation for Entry of Order of**
                                       **Forfeiture as to Leroy Ben Bruce and**
13          v.                         **Order**

14  BARRY MICHAEL JONES,

15          Defendant.

16  LEROY BEN BRUCE,

17          Petitioner.

18          The United States of America and Leroy Ben Bruce, agree as follows:

19          1.      The grand jury returned a One-Count Criminal Indictment against Barry

20  Jones for a violation of 18 U.S.C. § 922(g)(1). Criminal Indictment, ECF No. 1.

21          2.      Barry Jones pled guilty to Count One of the One-Count Criminal Indictment

22  charging him in with felon in possession of firearms in violation of 18 U.S.C. § 922(g)(1)

23  and agreed to the forfeiture of property set forth in the Plea Agreement and the Forfeiture

24  Allegation of the Criminal Indictment. Criminal Indictment, ECF No. 1; Plea Agreement,

25  ECF No. 29; Change of Plea, ECF No. 31.

26          3.      Leroy Ben Bruce had reported the property stolen in June 2021, and the

27  United States became aware of the stolen-property report made by Leroy Ben Bruce.

28  / / /

                                          1

4.     Leroy Ben Bruce had reported the below listed property stolen and that he was the owner of the property at the time of its theft.

5.     Leroy Ben Bruce affirms that he has not been compensated for the value of the property by any insurer or third party.

6.     Leroy Ben Bruce affirms that he has not traded, sold, or otherwise alienated his interest in the property since the time of its theft.

7.     Leroy Ben Bruce knowingly and voluntarily agrees to the abandonment, the civil administrative forfeiture, the civil judicial forfeiture, or the criminal forfeiture of the following property:

      a.     a Ruger model Vaquero .45 caliber revolver bearing serial number 512-55545; and

      b.     a Colt model M4 Carbine .556 caliber rifle bearing serial number SP516362 (all of which constitutes property).

8.     Leroy Ben Bruce knowingly and voluntarily agrees to abandon or to forfeit the property to the United States.

9.     Leroy Ben Bruce knowingly and voluntarily agrees to relinquish all possessory rights, ownership rights, and all rights, titles, and interests in the property.

10.     Leroy Ben Bruce knowingly and voluntarily agrees to waive his right to any abandonment proceedings, any civil administrative forfeiture proceedings, any civil judicial forfeiture proceedings, or any criminal forfeiture proceedings (all of which constitutes proceedings) of the property.

11.     Leroy Ben Bruce knowingly and voluntarily agrees to waive service of process of any and all documents filed in this action or any proceedings concerning the property.

12.     Leroy Ben Bruce knowingly and voluntarily agrees to waive any further notice to him, his agents, or his attorneys regarding the forfeiture and disposition of the property.

13.     Leroy Ben Bruce knowingly and voluntarily agrees not to file any claim, answer, petition, or other documents in any proceedings concerning the property.

14.     Leroy Ben Bruce knowingly and voluntarily agrees to withdraw any claims, answers, counterclaims, petitions, or other documents he filed in any proceedings concerning the property.

15.     Leroy Ben Bruce knowingly and voluntarily agrees to waive the statute of limitations, the CAFRA requirements, Fed. R. Crim. P. 7, 11, and 32.2, the constitutional requirements, and the constitutional due process requirements of any abandonment proceedings or any forfeiture proceedings concerning the property.

16.     Leroy Ben Bruce knowingly and voluntarily agrees to waive his right to a hearing on the forfeiture of the property.

17.     Leroy Ben Bruce knowingly and voluntarily agrees to waive (a) all constitutional, legal, and equitable defenses and claims to, (b) any constitutional or statutory double jeopardy defenses and claims concerning, and (c) any defenses and claims under the Eighth Amendment to the United States Constitution, including, but not limited to, any claim or defense of excessive fines or cruel and unusual punishments in any proceedings concerning the property.

18.     Leroy Ben Bruce knowingly and voluntarily agrees to the entry of an Order of Forfeiture of the property to the United States.

19.     Leroy Ben Bruce knowingly and voluntarily agrees to the conditions set forth in this Stipulation for Entry of Order of Forfeiture as to Leroy Ben Bruce and Order (Stipulation).

20.     Leroy Ben Bruce knowingly and voluntarily agrees to hold harmless the United States, the United States Department of Justice, the United States Attorney's Office for the District of Nevada, the United States Department of Homeland Security, the United States Bureau of Alcohol, Tobacco, Firearms and Explosives, the Sparks Police Department, their agencies, their agents, and their employees from any claim made by him or any third party arising from the facts and circumstances of this case.

21.     Leroy Ben Bruce knowingly and voluntarily releases and forever discharges the United States, the United States Department of Justice, the United States Attorney's

Office for the District of Nevada, the United States Department of Homeland Security, the United States Bureau of Alcohol, Tobacco, Firearms and Explosives, the Sparks Police Department, their agencies, their agents, and their employees from any and all claims, rights, or causes of action of any kind that Leroy Ben Bruce now has or may hereafter have on account of, or in any way growing out of, the seizures and the forfeitures of the property in the abandonment, the civil administrative forfeitures, the civil judicial forfeitures, and the criminal forfeitures.

22.     Except as expressly stated in the Stipulation, no party, officer, agent, employee, representative, or attorney has made any statement or representation to any other party, person, or entity regarding any fact relied upon in entering into the Stipulation, and no party, officer, agent, employee, representative, or attorney relies on such statement or representation in executing the Stipulation.

23.     After the property is forfeited in the criminal case, the Final Order of Forfeiture is entered, the United States District Court has signed the Stipulation concerning the property, and the United States has no outstanding evidentiary needs concerning the property, within a practicable time thereafter for the United States, the United States knowingly and voluntarily agrees to transfer (1) the Ruger model Vaquero .45 caliber revolver bearing serial number 512-55545 and (2) the Colt model M4 Carbine .556 caliber rifle bearing serial number SP516362 to Leroy Ben Bruce.

24.     The persons signing the Stipulation warrant and represent that they have full authority to execute the Stipulation and to bind the persons and/or entities, on whose behalf they are signing, to the terms of the Stipulation.

25.     This Stipulation shall be construed and interpreted according to federal forfeiture law and federal common law. The jurisdiction and the venue for any dispute related to, and/or arising from, this Stipulation is the unofficial Northern Division of the United States District Court for the District of Nevada, located in Reno, Nevada.

26.     Each party acknowledges and warrants that its execution of the Stipulation is free and is voluntary.

1    27.    The Stipulation contains the entire agreement between the parties.

2    28.    Each party shall bear his or its own attorneys' fees, expenses, interest, and

3    costs.

4    29.    This Stipulation shall not be construed more strictly against one party than

5    against the other merely by virtue of the fact that it may have been prepared primarily by

6    counsel for one of the parties; it being recognized that both parties have contributed

7    substantially and materially to the preparation of this Stipulation.

8    IT IS HEREBY CERTIFIED, pursuant to 28 U.S.C. § 2465(a)(2), that there was

9    reasonable cause for the seizure and forfeiture of the property.

10

11    Dated: _____          Dated: _____

12

13    _____
      LEROY BEN BRUCE                          CHRISTOPHER CHIOU
      *Petitioner*                             Acting United States Attorney

14

15                                             JAMES BLUM    Digitally signed by JAMES
                                                             BLUM
                                                             Date: 2022.04.18 08:49:22
16                                             _____    -07'00'
                                               JAMES A. BLUM
17                                             Assistant United States Attorney

18

19                                             IT IS SO ORDERED:

20

21

22                                             _____

23                                             MIRANDA M. DU
                                               UNITED STATES DISTRICT JUDGE
24

25                                             DATED: _____

26

27

28

5

27.    The Stipulation contains the entire agreement between the parties.

28.    Each party shall bear his or its own attorneys' fees, expenses, interest, and costs.

29.    This Stipulation shall not be construed more strictly against one party than against the other merely by virtue of the fact that it may have been prepared primarily by counsel for one of the parties; it being recognized that both parties have contributed substantially and materially to the preparation of this Stipulation.

IT IS HEREBY CERTIFIED, pursuant to 28 U.S.C. § 2465(a)(2), that there was reasonable cause for the seizure and forfeiture of the property.

Dated: _15 April 2022_

Dated: _____

_____
LEROY BEN BRUCE
*Petitioner*

CHRISTOPHER CHIOU
Acting United States Attorney

_____
JAMES A. BLUM
Assistant United States Attorney

IT IS SO ORDERED:

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE

DATED: _April 18, 2022_

5