UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                              Plaintiff,<br>      v.<br>BARRY MICHAEL JONES,<br><br>                             Defendant. | Case No. 3:21-cr-00028-MMD-CLB<br>Related Case: 3:23-cv-00102-MMD<br><br>ORDER |

**I.      INTRODUCTION**

Defendant Barry Michael Jones pled guilty to one count in the indictment charging him with felon in possession of firearms. (ECF No. 31.) Before the Court is Jones' motion under 28 U.S.C. § 2255 to vacate, set aside, or correct a sentence ("Motion"). (ECF No. 45.)[1] As further explained below, the Court agrees with the government that Jones is not entitled to relief under Section 2255 and will therefore deny the Motion.

**II.     BACKGROUND**

On August 26, 2021, Jones was indicted on one count of felon in possession of firearms in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). (ECF No. 1.) Jones subsequently entered into a plea agreement (ECF No. 29) and pled guilty (ECF No. 31).[2] In doing so, Jones admitted to having knowingly possessed two firearms on June 7, 2021, after he had been convicted of possession of a stolen vehicle on November 18, 2004. (ECF No. 29 at 6.) On March 4, 2022, the Court accepted Jones' guilty plea, after canvassing him and finding that his plea was knowing and voluntary. (ECF No. 31.) On

---

[1]The government filed a response (ECF No. 48), and Jones filed a reply (ECF No. 49).

[2]An Assistant Federal Public Defender initially represented Jones, but the Court granted his motion to withdraw (ECF No. 18) and appointed Cheryl A. Field-Lang to represent him under the Criminal Justice Act on September 15, 2021 (ECF No. 19).

June 9, 2022, the Court imposed a sentence of 37 months followed by three years of supervised release. (ECF Nos. 43, 44.)

Jones' Motion asserts two grounds stemming from alleged violations of federal wiretap laws found in Title III, 18 U.S.C. §§ 2511, 2517, and 2518(1)-(10) and state wiretap laws found in NRS §§ 179.410 to 179.500 when law enforcement unlawfully intercepted Jones' communications. (ECF No. 45.) Ground one asserts ineffective assistance of counsel ("IAC") for her failure to challenge evidence obtained based on such violations. (*Id.* at 4, 17-22.) Ground two asserts a direct violation of these laws. (*Id.* at 5, 23-25.) Jones' Motion also requests appointment of counsel and an evidentiary hearing in grounds three and four. (*Id*. at 7-8, 26.)

## III.   LEGAL STANDARD

A federal prisoner may seek relief under 28 U.S.C. § 2255 if: (1) "the sentence was imposed in violation of the Constitution or laws of the United States;" (2) "the court was without jurisdiction to impose such sentence;" (3) "the sentence was in excess of the maximum authorized by law;" or (4) the sentence is "otherwise subject to collateral attack." 28 U.S.C. § 2255(a). A petitioner seeking relief under Section 2255 "must clear a significantly higher hurdle than would exist on direct appeal." *United States v. Frady*, 456 U.S. 152, 166 (1982). The alleged error of law must be "a fundamental defect which inherently results in a complete miscarriage of justice." *Davis v. United States*, 417 U.S. 333, 346 (1974) (citation omitted).

## IV.   DISCUSSION

Jones raises two substantive grounds (grounds one and two) based on law enforcement's violation of federal and state wiretap laws in obtaining evidence that led to his conviction. The Court will address the grounds in reverse order because ground two is based on a direct violation of federal and state wiretap laws while ground one involves an IAC claim based on counsel's failure to challenge evidence obtained in violation of those laws, including filing a motion to suppress.

///

Jones' Motion is based on his contention that the Regional Crime Suppression Unit ("RCSU") intercepted electronic communications as part of its investigation that led to the discovery of the firearms at issue without applying for an application with any court under Title III or NRS §§ 179.410 to NRS 179.500. (ECF No. 45 at 14-15.) Jones relies on the narrative description in the Reno Police Department Report ("Report") of his arrest. (*Id.* at 67-69.) The Report described how on June 2, 2021, the RCSU detectives learned of a "burglary crime trend," how a certain vehicle—a gray Dodge Journey—was captured on "surveillance systems belonging to the victim businesses" and identified as the suspect vehicle, and how "the suspect is seen on surveillance video producing a handgun and utilizing the butt of the handgun to break a standalone glass case." (*Id.* at 67.) The Report further stated that on June 7, 2021, RCSU detectives "were monitoring social media postings related to this crime trend and were alerted of a possible suspect." (*Id.*) Based on the report on "social media postings," and "a photograph of the suspicious subject" included in the postings, RCSU detectives ultimately located the gray Dodge Journey, "maintained mobile surveillance of Jones," and took Jones into custody. (*Id.*)

The federal and state wiretap laws that Jones relies on prohibit unauthorized interceptions of oral communications without the consent of those involved in the communications. Federal and Nevada law both prohibit the unauthorized interception of wire, electronic, or oral communications without the consent of the parties to the communications, with specified exceptions. *See* 18 U.S.C. § 2511; NRS §§ 200.620, 200.650. Under both laws, any "aggrieved person" may file a motion to suppress the contents of any unlawfully intercepted wire, electronic, or oral communication. 18 U.S.C. § 2518(10)(a); NRS § 179.505(1).

The government correctly points out the defect in Jones' argument—RCSU detectives did not intercept Jones' oral communications. The Report shows they obtained information on victims' surveillance systems and social media postings, none of which even involved Jones' oral communications. As for RCSU detectives' "mobile surveillance of Jones," Jones cannot show that those detectives involved in the communications did

not consent such that the involved detectives intercepted oral communications without authorization. Jones insists that these communications involved him or were directed at him, rendering him an "aggrieved" person who can challenge the unauthorized interceptions. (ECF No. 49 at 5.) But these laws prohibit interception of Jones' communications with another person, without Jones and the other person's consent; they do not prohibit others from communicating among themselves about Jones. For these reasons, the Court agrees with the government that Jones' claim as asserted in ground two fails on the merits.[3] The Court therefore denies the Motion as to ground two.

The Court's finding that ground two fails on the merits compels a similar finding as to ground one challenging counsel's effectiveness. IAC claims are governed by the two-part test announced in *Strickland v. Washington*, 466 U.S. 668 (1984). In *Strickland*, the Supreme Court held that a petitioner claiming ineffective assistance of counsel has the burden of demonstrating that: (1) counsel's performance was unreasonably deficient; and (2) that the deficient performance prejudiced the defense. *See Williams v. Taylor*, 529 U.S. 362, 390-91 (2000) (citing *Strickland*, 466 U.S. at 687). To establish ineffectiveness, the petitioner must show that counsel's representation fell below an objective standard of reasonableness. *See id.* To establish prejudice, the petitioner must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *See id.*

Here, Jones cannot satisfy either of the *Strickland* prongs. First, Jones' counsel did not act unreasonably in her apparent determination that the RCSU detectives did not illegally intercept Jones' communications in investigating the underlying offense. Moreover, any motion to suppress based on the arguments that Jones advances here would have been deemed frivolous. Thus, Jones' counsel's failure to challenge the underling evidence did not prejudice him.

///

---

[3]The government argues that Jones waived his right to assert a Section 2255 claim in ground two except to claim ineffective assistance of counsel. (ECF No. 48 at 10.) The Court declines to address this argument because ground two clearly fails on the merits.

In sum, the Court finds that Jones fails to demonstrate any violation of federal or state wiretap laws in support of grounds one and two. The Court accordingly finds that there is no basis for an evidentiary hearing or appointment of counsel. The Court thus denies the Motion on all grounds.

## V.    CERTIFICATE OF APPEALABILITY

Before Jones can appeal the Court's decision to deny his Motion, he must obtain a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1)(B); Fed. R. App. P. 22; 9th Cir. R. 22-1; *United States v. Washington*, 653 F.3d 1057, 1059 (9th Cir. 2011). To receive such a certificate, a petitioner must make "'a substantial showing of the denial of a constitutional right' as to each issue the petitioner seeks to appeal." *Washington*, 653 F.3d at 1059 (quoting 28 U.S.C. § 2253(c)(2), (3)). "The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Court determines that reasonable jurists would not find its reasoning debatable or wrong. Thus, the Court will deny a certificate of appealability.

## VI.   CONCLUSION

The Court notes that the parties made several arguments and cited several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion because they do not affect the outcome of the Motion before the Court.

It is therefore ordered that Barry Jones' motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 (ECF No. 45) is denied.

It is further ordered that a certificate of appealability is denied.

///

///

///

///

///

The Clerk of Court is directed to enter a separate judgment on the docket reflecting the fact that the Court denies the Motion and close the related civil case (Case No. 3:23-cv-00102-MMD).

DATED THIS 22nd Day of August 2023.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE